IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| **SHANON MURILLO** and **JUAN MENDOZA,**<br><br>    Plaintiffs,<br><br>v.<br><br>**CAPE CORAL ROOFING AND SHEET METAL, INC.,** a Florida Profit Corporation, and **ALEXANDER GOMEZ**, individually,<br><br>    Defendants. | Case No.: |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs, SHANON MURILLO ("Murillo") and JUAN MENDOZA ("Mendoza") (collectively "Plaintiffs"), file this Complaint against Defendants, CAPE CORAL ROOFING AND SHEET METAL, INC. ("CCRSM"); and ALEXANDER GOMEZ ("Gomez"), Individually (collectively, "Defendants"), and state as follows:

**INTRODUCTION**

1. The FLSA is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a).

2. To achieve its purposes, the FLSA requires three things. First, the FLSA requires payment of minimum wages. 29 U.S.C. § 206(a). Second, the FLSA requires overtime pay for a covered employer whose employees work in excess of forty (40) hours per workweek. 29 U.S.C. § 207(a). And third, the FLSA establishes minimum recordkeeping requirements for covered employers. 29 U.S.C. § 211(a); 29 U.S.C. § 516.2(a)(7).

3. Throughout the duration of their employment with Defendants, Defendants failed to compensate Plaintiffs, Defendants' non-exempt employees, proper overtime wages and minimum wages in violation of the FLSA.

4. Defendants' violations stem in part from Defendants' payment structure whereby Defendants agreed to pay Plaintiffs a flat rate per day, but failed to Plaintiffs any wages whatsoever for a period of time.

5. Throughout the duration of their employment, and although Plaintiffs worked excessive hours over forty (40) each week, Defendants deprived Plaintiffs of proper overtime compensation for their hours worked over forty (40) hours each week, and compensated Plaintiffs sub-minimum wages in most, if not all, work weeks.

## JURISDICTION

6. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, *et seq.,* hereinafter referred to as the "FLSA") to recover unpaid minimum wages, overtime compensation, an additional and equal amount as liquidated damages, and reasonable attorney's fees and costs.

7. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under 29 U.S.C. § 216(b).

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since all, and/or a substantial part, of the events giving rise to Plaintiffs' claims occurred in Lee County, Florida, located within the Middle District of Florida.

## PARTIES

9. At all times material hereto, Plaintiffs were a residents of Lee County, Florida.

10. At all times material hereto, Defendant, CCRSM, was a Florida Profit Corporation engaged in business in Florida, with a principal place of business in Lee County, Florida.

11. Upon information and belief, at all times material hereto, Defendant, Gomez was an individual resident of the State of Florida.

12. At all times material hereto, Defendant, Gomez, was an "employer" as defined by 29 U.S.C. § 201, et seq.

13. At all times material hereto, Defendant, Gomez, was the CEO of CCRSM and owned and operated CCRSM.

14. At all times material hereto, Defendant, Gomez, regularly hired and fired employees of CCRSM.

15. At all times material hereto, Defendant, Gomez, regularly determined the work schedules for the employees of CCRSM.

16. At all times material hereto, Defendant, Gomez, controlled the finances and operations of CCRSM.

17. At all times material hereto, Plaintiffs were "employees" of Defendants within the meaning of the FLSA.

18. At all times material hereto, Defendants were, and continue to be "employers" within the meaning of the FLSA.

19. At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

20. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

21. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce including, *inter alia*, computers, telephones, trucks, other office equipment, and tools, which were used directly in furtherance of Defendants' commercial activity of operating a roofing and sheet metal company.

22. At all times material hereto, Plaintiffs were "engaged in commerce" and subject to individual coverage of the FLSA by virtue of the fact that Plaintiffs regularly handled items that had been moved in interstate commerce, including but not limited to, roofing materials.

23. At all times material hereto, the work performed by the Plaintiffs was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

24. Defendants operate a company that provides roof installation and roof replacement.

25. Plaintiff Murillo worked for Defendants from approximately June 2018 through November 2018 as a roofer.

26. Plaintiff Mendoza worked for Defendants from approximately February 2010 through December 2018 as a roofer.

27. Plaintiffs' duties included, *inter alia*, installing material on roofs, picking up and delivering materials needed for roof installation, and welding.

28. Plaintiffs maintained the same duties throughout the duration of their employment.

29. In most, if not all work weeks, Plaintiffs worked for Defendants in excess of forty (40) hours.

30. Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate of pay for all of the hours that they worked in excess of forty (40) hours in

a given work week.

31.     Instead, Defendants only compensated Plaintiffs at their set flat rates of pay.

32.     As a result, Plaintiff's regular rate of pay was often less than the applicable minimum wage due to the excessive hours that he worked and the sub-standard wages paid.

33.     Moreover, for a period spanning from approximately September 2018 through November 2018, Defendants failed to pay Plaintiffs any wages whatsoever resulting in further unpaid overtime wages and sub-standard wages paid.

34.     Plaintiffs should have been, and should be, compensated at a rate of one and one-half times their regular rate of pay for those hours that they worked in excess of forty (40) hours per workweek, as required by the FLSA, but Defendants failed to so compensate Plaintiffs.

35.     Additionally, Defendants should have supplemented Plaintiffs' wages in those work weeks where their regular rate of pay did not exceed the applicable minimum wage, but Defendants failed to so compensate Plaintiffs.

36.     Upon information and belief, Defendants have failed to maintain proper records as mandated by the FLSA.

37.     Defendants have violated Title 29 U.S.C. §206 and 29 U.S.C. §207 in that:

   a.   Plaintiffs worked in excess of forty (40) hours per week during their period of employment with Defendants;

   b.   No payments, or provisions for payment, have been made by Defendants to properly compensate Plaintiffs at the statutory rate of one and one-half times Plaintiffs' regular rate for those hours that they worked in excess of forty (40) hours per work week as provided by the FLSA;

   c.   Defendants failed to pay Plaintiffs at least minimum wage in one or more

        work weeks in violation of the FLSA;

    d.    Defendants have failed to maintain proper time records as mandated by the FLSA; and

    e.    Defendants' failure and/or refusal to properly compensate Plaintiffs at the rates and amounts required by the FLSA were willful.

**COUNT I**
**VIOLATION OF 29 U.S.C. §207**
**<u>OVERTIME COMPENSATION</u>**

38. Plaintiffs reallege and reincorporates paragraphs 1 through 37 as if fully set forth herein.

39. Plaintiffs worked in excess of forty (40) hours per week.

40. Plaintiffs were not properly compensated at the statutory rate of one and one-half times their regular rate of pay for the hours they worked in excess of forty (40) hours each workweek.

41. Plaintiffs are entitled to be paid at the statutory rate of one and one-half times Plaintiffs' regular rates of pay for those hours worked in excess of forty (40) hours each work week.

42. At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

43. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiffs at the statutory rate of one and one-half times their regular rate of pay for the hours worked in excess of forty (40) hours per weeks when Defendants knew, or should have known, such was, and is due.

44. Defendants have failed to properly disclose or apprise Plaintiffs of Plaintiffs' rights

under the FLSA.

45. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiffs suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

46. Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

### COUNT II
### VIOLATION OF 29 U.S.C. § 206
### MINIMUM WAGE

47. Plaintiffs re-alleges and reincorporates paragraphs 1 through 37 as if fully set forth herein.

48. Plaintiffs are entitled to be paid minimum wage for all weeks worked during their employment with Defendants as roofers.

49. Defendants failed to pay Plaintiffs minimum wage in one or more work weeks.

50. Defendants had specific knowledge that it was paying sub-minimum wages to Plaintiffs, but still failed to pay Plaintiffs at least the applicable minimum wage.

51. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiffs suffered and continue to suffer damages and lost compensation for unpaid minimum wages, plus liquidated damages.

52. Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

### REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor against the Defendants:

a. An Order granting judgment in favor of Plaintiffs and against Defendants and awarding Plaintiffs the full amount of damages and liquidated damages available by law;

b. Overtime compensation for all hours worked over forty in a work week at the applicable time and one-half rate;

c. All unpaid minimum wages at the Florida mandated minimum wage rate;

d. An equal amount of all owed wages as liquidated damages as allowed under the FLSA;

e. Awarding Plaintiffs pre-judgment and/or post-judgment interest;

f. Reasonable attorney's fees, costs and expenses of this action as provided by statute; and

g. Such other relief to which Plaintiffs may be entitled, at law or in equity.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury.

Dated:  September 12, 2019.

/s/ *Chanelle J. Ventura*
Chanelle J. Ventura
Florida Bar No. 1002876
Morgan & Morgan, P.A.
600 N. Pine Island Road, Suite 400
Plantation, FL 33324
T: (954) 318-0268 F: (954) 327-3039
Email: cventura@forthepeople.com

***Attorney for Plaintiff***