UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHANON MURILLO and JUAN
MENDOZA,

    Plaintiffs,

v.                                            Case No.:  2:19-cv-674-SPC-MRM

CAPE CORAL ROOFING AND
SHEET METAL, INC. and
ALEXANDER GOMEZ,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This cause comes before the Court *sua sponte* following the Order to Show Cause as to Defendants, entered on May 6, 2021.  (Doc. 27).

**I.**      **Background**

On April 5, 2021, the Court allowed Defendants' counsel to withdraw and directed the Clerk of Court to add Defendants' service address provided by Defendants' counsel – 4409 SE 16th Place, Ste. 8 Cape Coral, FL 33904 – to CM/ECF.  (Doc. 25 at 2-3).  The Court also directed corporate Defendant Cape Coral Roofing and Sheet Metal, Inc. to retain counsel no later than May 5, 2021, pursuant to M.D. Fla. R. 2.02(b)(2), which states that "[a] party, other than a natural person, can appear through the lawyer only."  (*Id*. at 3).  Additionally, the Court set a deadline of May 5, 2021, by which Defendant Alexander Gomez was required to retain new counsel or notify the Court that he intends to proceed *pro se*, which is

without the benefit of counsel. (*Id.*). The Court cautioned Defendants that failure to comply with the Order may subject the offending party(ies) to dismissal, default, or other sanctions, as appropriate. (*Id.*).

On April 6, 2021, the Court entered an Order staying all deadlines pending the resolution of Defendants' representation. (Doc. 26). Additionally, the Court directed the parties to file any joint motion for an extension of the deadlines (if necessary) no later than May 10, 2021. (*Id.*). No such motion was filed. Notably, the Clerk of Court attempted to mail the April 6, 2021 Order to the currently unrepresented parties, but the mail was returned, marked as "[n]o longer at this address."

When Defendants failed to comply with the April 5, 2021 Order, the Court entered an Order to Show Cause and granted Defendants another opportunity to comply with the Court's Order. (Doc. 27). The Court, therefore, directed corporate Defendant Cape Coral Roofing and Sheet Metal, Inc. to retain counsel no later than May 13, 2021, and directed Defendant Alexander Gomez to retain new counsel or notify the Court that he intends to proceed *pro se* no later than May 13, 2021. (*Id.* at 2). The Court again warned Defendants that failure to comply with the Order may subject the offending party(ies) to dismissal, default, or other sanctions, as appropriate. (*Id.*). The Clerk of Court attempted to mail the May 6, 2021 Order to the currently unrepresented parties, but the mail was again returned, marked as "[n]o longer at this address."

Because the mail was returned as undeliverable and a review of the Florida Department of State, Division of Corporations' online records revealed different addresses for Defendant Cape Coral Roofing and Sheet Metal, Inc. and its registered agent – Defendant Alexander Gomez – and Defendant Cape Coral Roofing and Sheet Metal, Inc.'s CEO – Defendant Alexander Gomez – the Court directed the Clerk of Court to re-send the Court's Orders dated April 5, 2021, April 6, 2021, and May 6, 2021, (Docs. 25-27), to Defendants at both addresses listed in the Florida Department of State, Division of Corporations' records:  4409 SE 16th Place, Unit 10 Cape Coral, FL 33904; and 4409 SE 16th Place, Unit 8 Cape Coral, FL 33904. (Doc. 28 at 2-3).  Additionally, the Court directed corporate Defendant Cape Coral Roofing and Sheet Metal, Inc. to retain counsel no later than May 28, 2021, and directed Defendant Alexander Gomez to retain new counsel or notify the Court that he intends to proceed *pro se* no later than May 28, 2021. (*Id.* at 4).  For a third time, the Court warned Defendants that failure to comply with the Order may subject the offending party(ies) to dismissal, default, or other sanctions, as appropriate. (*Id.*). The Clerk of Court attempted to mail the Orders to the currently unrepresented parties, but both mailings were returned.

To date, corporate Defendant Cape Coral Roofing and Sheet Metal, Inc. has failed to retain counsel and Defendant Alexander Gomez has failed to retain new counsel or notify the Court that he intends to proceed *pro se*.

## II.    Legal Standard

Federal Rules of Civil Procedure 16(f) and 37(b)(2) allow the Court to sanction a party for failure to obey a pretrial order, including issuing a default order against the offending party.  *Glanzrock v. Patriot Roofing Indus., Inc.*, No. 8:07-cv-535-T-33MAP, 2008 WL 3833950, at *1 (M.D. Fla. Aug. 15, 2008), judgment entered, No. 8:07-cv-535-T-33MAP, 2009 WL 179634 (M.D. Fla. Jan. 26, 2009).  Fed. R. Civ. P. 16(f)(1)(C) specifically provides that:  "On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . fails to obey a scheduling or other pretrial order."

Defaults, however, are disfavored because of the strong policy of determining cases on their merits.  *Claytor v. Mojo Grill and Catering Co. of Belleview, LLC*, No. 5:14-cv-411-Oc-30PRL, 2015 WL 1538111, at *1 (M.D. Fla. Apr. 7, 2015) (citing *Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993)).  This Court has held that, generally, the sanction of default is considered a drastic remedy that should be resorted to "only if noncompliance is due to willful or bad faith disregard of court orders."  *Glanzrock*, 2008 WL 3833950, at *1 (citing *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985)).  The Court must find that less drastic sanctions would not be equally effective in achieving compliance with the Court's orders.  *Id*. (citing *Adolph Coors*, 777 F.2d at 1543; *Aztec Steel Co. v. Fla. Steel Corp.*, 691 F.2d 480, 481-82 (11th Cir. 1982)).  However, when a noncompliant party demonstrates "a flagrant disregard for the court," the "severe"

sanction of default is not an abuse of discretion. *See Commodity Futures Trading Comm'n v. Alpha Trade Grp., S.A.*, No. 6:11-cv-1584-Orl-31, 2012 WL 3984717, at *2 (M.D. Fla. Aug. 24, 2012), *report and recommendation adopted*, No. 6:11-cv-1584-Orl-31, 2012 WL 3984872 (M.D. Fla. Sept. 11, 2012) (citing *Aztec Steel Co.*, 691 F.2d at 481). Thus, the Court has the authority to enter defaults and default judgments "for failure . . . to comply with its orders or rules of procedure." *Suarez v. Don Pan Tampa*, No. 8:11-cv-2295-T-33TGW, 2011 WL 6822191, at *1 (M.D. Fla. Dec. 28, 2011) (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)).

### III.   Analysis

A review of the docket in this case reveals that Defendants failed to comply timely with the Court's Orders dated April 5, 2021, April 6, 2021, May 6, 2021, and May 13, 2021, despite the mailing of those orders to Defendants at their last known addresses. (*See* Docs. 25-28). It is Defendants' burden to maintain current service addresses with the Court, but based on the several returned mailings it appears they have failed to do so. *See Weston v. St. Petersburg Police Dep't*, No. 8:09-cv-495-T-27TBM, 2010 WL 3154096, at *1 (M.D. Fla. Aug. 9, 2010) (collecting cases supporting the proposition that it was a party's responsibility to clearly and expressly notify the Court of any changes in address). The Undersigned finds, therefore, that entries of default against Defendants Cape Coral Roofing and Sheet Metal, Inc. and Alexander Gomez are warranted under Fed. Rs. Civ. P. 16(f) and 37(b)(2).

In recommending this result, the Undersigned finds that the severe sanction of default is necessary in this case because: (1) Defendants Cape Coral Roofing and Sheet Metal, Inc. and Alexander Gomez have demonstrated a flagrant, willful, and bad-faith disregard for the Court's Orders; and (2) no less drastic sanction would be effective in achieving compliance with the Court's Orders. Indeed, the Court has given Defendants several opportunities to comply and mailed its Orders to Defendants at both addresses listed in the Florida Department of State, Division of Corporations' records, but Defendants continue to fail to comply with the Orders.

## CONCLUSION

Accordingly, the Undersigned **RESPECTFULLY RECOMMENDS** that:

1. The presiding United States District Judge enter an Order directing the Clerk of Court to enter clerk's defaults against Defendants Cape Coral Roofing and Sheet Metal, Inc. and Alexander Gomez.

2. Plaintiffs be required to file a motion for default judgment within fourteen (14) days of any Order directing the Clerk of Court to enter a clerk's default against Defendants Cape Coral Roofing and Sheet Metal, Inc. and Alexander Gomez.

**Further, the Clerk of Court is directed to mail a copy of this Report and Recommendation to Defendants at both addresses listed in the Florida Department of State, Division of Corporations' records: 4409 SE 16th Place,**

**Unit 10, Cape Coral, FL 33904; and 4409 SE 16th Place, Unit 8, Cape Coral, FL 33904.**

**RESPECTFULLY RECOMMENDED** in Chambers in Ft. Myers, Florida on June 3, 2021.

*[signature]*

Mac R. McCoy
United States Magistrate Judge

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.  A party wishing to respond to an objection may do so in writing fourteen days from the filing date of the objection.  The parties are warned that the Court will not extend these deadlines.  To expedite resolution, the parties may also file a joint notice waiving the fourteen-day objection period.

Copies furnished to:

Counsel of Record
Unrepresented Parties