UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHANON MURILLO and JUAN
MENDOZA,

      Plaintiffs,

v.                                 Case No.:  2:19-cv-674-SPC-MRM

CAPE CORAL ROOFING AND
SHEET METAL, INC. and
ALEXANDER GOMEZ,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiffs, Shannon Murillo and Juan Mendoza's Motion for Default Judgment and Incorporated Memorandum of Law in Support, filed on July 13, 2021.  (Doc. 38).  Plaintiffs move for an entry of default judgment against Defendants Cape Coral Roofing and Sheet Metal, Inc. and Alexander Gomez.  (*Id.* at 1).  For the reasons set forth herein, the Undersigned recommends that Plaintiffs' Motion (Doc. 16) be **GRANTED IN PART** and **DENIED IN PART**.

## I.   Procedural Background

The Undersigned begins with a procedural summary.  Plaintiffs filed their Complaint on September 12, 2019.  (Doc. 1).  Defendants, represented by counsel, filed Defendants' Answer and Affirmative Defenses to Plaintiff's Complaint and Demand for Jury Trial ("Answer") on November 4, 2019.  (Doc. 10).  The case

proceeded pursuant to the FLSA Scheduling Order, entered on November 26, 2019, (Doc. 13), and the subsequent Case Management and Scheduling Order, issued on April 6, 2020, (Doc. 21).

On April 5, 2021, the Court allowed Defendants' counsel to withdraw and directed the Clerk of Court to add Defendants' service address provided by Defendants' counsel – 4409 SE 16th Place, Ste. 8 Cape Coral, FL 33904 – to CM/ECF. (Doc. 25 at 2-3). The Court also directed corporate Defendant Cape Coral Roofing and Sheet Metal, Inc. to retain counsel no later than May 5, 2021, pursuant to M.D. Fla. R. 2.02(b)(2). (*Id.* at 3). Additionally, the Court set a deadline of May 5, 2021, by which Defendant Alexander Gomez was required to retain new counsel or notify the Court that he intended to proceed *pro se*. (*Id.*). The Court cautioned Defendants that failure to comply with the Order may subject the offending party(ies) to dismissal, default, or other sanctions, as appropriate. (*Id.*).

On April 6, 2021, the Court entered an Order staying all deadlines pending the resolution of Defendants' representation. (Doc. 26). Additionally, the Court directed the parties to file any joint motion for an extension of the deadlines (if necessary) no later than May 10, 2021. (*Id.*). No such motion was filed. Notably, the Clerk of Court attempted to mail the April 6, 2021 Order to the currently unrepresented parties, but the mail was returned, marked as "[n]o longer at this address."

When Defendants failed to comply with the April 5, 2021 Order, the Court entered an Order to Show Cause and granted Defendants another opportunity to

comply with the Court's Order. (Doc. 27). The Court, therefore, directed corporate Defendant Cape Coral Roofing and Sheet Metal, Inc. to retain counsel no later than May 13, 2021, and directed Defendant Alexander Gomez to retain new counsel or notify the Court that he intended to proceed *pro se* no later than May 13, 2021. (*Id.* at 2). The Court again warned Defendants that failure to comply with the Order may subject the offending party(ies) to dismissal, default, or other sanctions, as appropriate. (*Id.*). The Clerk of Court attempted to mail the May 6, 2021 Order to the currently unrepresented parties, but the mail was again returned, marked as "[n]o longer at this address."

Because the mail was returned as undeliverable and a review of the Florida Department of State, Division of Corporations' online records revealed different addresses for Defendant Cape Coral Roofing and Sheet Metal, Inc. and its registered agent – Defendant Alexander Gomez – and Defendant Cape Coral Roofing and Sheet Metal, Inc.'s CEO – Defendant Alexander Gomez – the Court directed the Clerk of Court to re-send the Orders dated April 5, 2021, April 6, 2021, and May 6, 2021 (Docs. 25-27) to Defendants at both addresses listed in the Florida Department of State, Division of Corporations' records: 4409 SE 16th Place, Unit 10 Cape Coral, FL 33904; and 4409 SE 16th Place, Unit 8 Cape Coral, FL 33904. (Doc. 28 at 2-3). Additionally, the Court directed corporate Defendant Cape Coral Roofing and Sheet Metal, Inc. to retain counsel no later than May 28, 2021, and directed Defendant Alexander Gomez to retain new counsel or notify the Court that he intended to proceed *pro se* no later than May 28, 2021. (*Id.* at 4). For a third time,

the Court warned Defendants that failure to comply with the Order may subject the offending party(ies) to dismissal, default, or other sanctions, as appropriate. (*Id.*). The Clerk of Court attempted to mail the Orders to the currently unrepresented parties, but both mailings were returned.

Because Defendants again failed to heed the Court's instructions, on June 3, 2021, the Undersigned recommended to the presiding United States District Judge that she enter an Order directing the Clerk of Court to enter clerk's defaults against Defendants Cape Coral Roofing and Sheet Metal, Inc. and Alexander Gomez and directing Plaintiffs to file a motion for default judgment within fourteen days of any Order directing the Clerk of Court to enter a clerk's default. (*See generally* Doc. 29). A copy of the Report and Recommendation was sent to Defendants at both addresses listed in the Florida Department of State, Divisions of Corporations' records. (*See id.* at 6-7). The presiding United States District Judge adopted the Undersigned's Report and Recommendation on June 23, 2021, (Doc. 32), and clerk's defaults were entered against Defendants Cape Coral Roofing and Sheet Metal, Inc. and Alexander Gomez the same day, (Docs. 33, 34). The motion *sub judice* followed.

Upon review of the motion, the Undersigned required supplemental briefing to address three distinct issues. (Doc. 40). First, the Undersigned noted that Plaintiffs had not yet demonstrated, by affidavit or otherwise, that Defendant Alexander Gomez is not an unrepresented minor or incompetent person and Plaintiffs had not complied with the Servicemembers Civil Relief Act ("SCRA"). (*Id.* at 4-5). Accordingly, the Undersigned required Plaintiffs to file an affidavit that

complied with the SCRA and addressed whether Defendant Alexander Gomez is an unrepresented minor or incompetent person.  (*Id.* at 5-6).

Second, the Undersigned noted that neither of the addresses listed in the motion's certificate of service matched either the address provided to the Court by Defendants' former counsel or the addresses listed in the Florida Department of State, Division of Corporations' records.  (*Id.* at 6-7).  The Undersigned also noted that although the certificate of service certified that Jessica L. Quackenbush was served as the registered agent of Cape Coral Roofing and Sheet Metal, Inc., the Florida Department of State, Division of Corporations' records list Mr. Alexander Gomez as Cape Coral Roofing and Sheet Metal, Inc.'s registered agent.  (*Id.* at 6-7). Accordingly, the Undersigned required Plaintiffs to address the significance of the new service addresses included in the motion as well as the new registered agent and to serve the motion and a copy of this Order on Defendants at the two addresses listed in the Florida Department of State, Division of Corporations' records.  (*Id.* at 7).

Third, the Undersigned noted that while Plaintiffs' operative Complaint includes a jury demand, Plaintiff's motion does not discuss whether Plaintiffs are entitled to a jury trial on damages and, if so, whether Plaintiffs waive this right.  (*Id.* at 7-8).  The Undersigned found this particularly problematic in light of the Rule 55(b)(2) requirement to "preserv[e] any federal statutory right to a jury trial."  (*Id.*). Thus, the Undersigned required Plaintiffs to affirmatively address the Rule 55(b)(2)

requirement to "preserv[e] any federal statutory right to a jury trial" and whether Plaintiffs waive their right to a jury trial on damages.  (*Id.* at 8).

On October 18, 2021, Plaintiffs filed a Renewed Certificate of Service, (Doc. 41), and on October 25, 2021, Plaintiff's filed their supplemental brief addressing the Undersigned's concerns, (Doc. 42).

## II.    Legal Standard

Federal Rules of Civil Procedure 16(f) and 37(b)(2) allow the Court to sanction a party for failure to obey a pretrial order, including issuing a default order against the offending party.  *Glanzrock v. Patriot Roofing Indus., Inc.*, No. 8:07-cv-535-T-33MAP, 2008 WL 3833950, at *1 (M.D. Fla. Aug. 15, 2008), judgment entered, No. 8:07-cv-535-T-33MAP, 2009 WL 179634 (M.D. Fla. Jan. 26, 2009); Fed. R. Civ. P. 16(f)(1)(C) ("On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . fails to obey a scheduling or other pretrial order.").

The effect of the entry of a default is that all factual allegations in the complaint are taken as true, save for the amount of unspecified damages.  *Cohan v. Sparkle Two, LLC*, 309 F.R.D. 665, 666 (M.D. Fla. 2015) (citing *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987)).  "[I]f liability is well-pled in the complaint, it is established by the entry of a default."  *Id.*

Default judgment, however, may only be entered "if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment."  *Id.* (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515

F.2d 1200, 1206 (5th Cir. 1975)).[1]  While the Court "must accept well-pled facts as true, the court is not required to accept a plaintiff's legal conclusions."  *De Lotta v. Dezenzo's Italian Rest., Inc.*, No. 6:08-cv-2033-Orl-22-KRS, 2009 WL 4349806, at *2 (M.D. Fla. Nov. 24, 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Defendants are not held to admit facts that are not well-pled or to admit conclusions of law.  *Nishimatsu*, 515 F.2d at 1206.

To be well-pled, a complaint does not need detailed factual allegations, but a complaint must provide the grounds for entitlement to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Iqbal*, 556 U.S. 678.  This standard—derived from motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)—is "equally applicable to a motion for default judgment."  *Cohan*, 309 F.R.D. at 667.  Thus, a complaint requires more than labels and conclusions, and "a formulaic recitation of the elements of a cause of action will not do."  *Iqbal*, 556 U.S. at 678.  A complaint will not suffice if "it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.*  "The well-pled allegations must nudge the claim 'across the line from conceivable to plausible.'"  *De Lotta*, 2009 WL 4349806, at *2 (quoting *Twombly*, 550 U.S. at 570).

---

[1]  In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit Court of Appeals adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Once liability is established, federal courts then address the terms of the judgment. *Cohan*, 309 F.R.D. at 667. Under the Federal Rules of Civil Procedure, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Moreover, "[i]f unspecified monetary damages are sought, the party moving for default judgment has the burden to prove the unliquidated sums in a hearing on damages or otherwise." *Cohan*, 390 F.R.D. at 667 (citing Fed. R. Civ. P. 55(b)(1)-(2)). Pursuant to Rule 55(b)(2), "[t]he court may conduct hearings . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages." Fed. R. Civ. P. 55(b)(2)(B). However, the Eleventh Circuit has held that, "[g]iven its permissive language, Rule 55(b)(2) does not require a damages hearing in every case." *Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015) (citing *SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005)). "The district court may forego a hearing 'where all essential evidence is already of record.'" *Id.* Moreover, well-pled allegations as to damages are also admitted by a default. *See id.* However, "[t]he court has 'an obligation to assure that there is a legitimate basis for any damage award it enters, and to assure that damages are not awarded solely as the result of an unrepresented defendant's failure to respond.'" *Lofrisco v. Gulf Coast Health Care*, No. 8:13-cv-3159-T-36MAP, 2014 WL 4674323, at *1 (M.D. Fla. Sept. 15, 2014) (quoting *Anheuser-Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003)).

## III.   Analysis

As an initial matter, the Undersigned highlights that Plaintiffs, at times, refer to Defendants' failure to answer the Complaint.  (*See, e.g.*, Doc. 38 at 6).  But in this case, Defendants filed an Answer.  (*See* Doc. 10).  Further, default was entered without striking the Answer.  (*See* Docs. 29, 32).  Nevertheless, because the effect of the entry of a default is that all factual allegations in the complaint are taken as true, save for the amount of unspecified damages, *see Cohan*, 309 F.R.D. at 666, the Undersigned finds that entry of default functionally strikes the operative Answer. However, because striking the Answer itself would be appropriate under Fed. R. Civ. P. 16(f), *see Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 680 (M.D. Fla. 2008), the Undersigned recommends that the presiding United States District Judge strike the Answer for clarity of record.

The Undersigned next considers whether there is a legitimate basis to award Plaintiffs damages, beginning with whether the Court has jurisdiction over the action and Defendants.

### A.   Jurisdiction

#### 1.   Subject-Matter Jurisdiction

Federal courts have an independent obligation to ensure subject-matter jurisdiction.  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

The Undersigned finds that subject-matter jurisdiction clearly exists over this case.  (*See* Doc. 1).  Under 28 U.S.C. § 1331, federal courts have original jurisdiction

over civil actions "arising under" the laws of the United States.  28 U.S.C. § 1331.
This includes claims arising under the FLSA.  *See Shropshire v. Towing & Auto Repair
Mgmt. Corp.*, No. 8:20-cv-1931-T-TPB-CPT, 2021 WL 2904907, at *2 (M.D. Fla.
Apr. 23, 2021), *report and recommendation adopted,* No. 8:20-cv-1931-T-TPB-CPT,
2021 WL 2895741 (M.D. Fla. July 9, 2021) (citing *Nicopior v. Moshi Palm Grove, LLC*,
375 F. Supp. 3d 1278, 1284 (S.D. Fla. 2019)).

### 2.  Personal Jurisdiction

The Undersigned also finds that the Court has personal jurisdiction over
Defendants.  As a threshold matter, Defendants did not challenge personal
jurisdiction at the time they filed a responsive pleading.  (*See* Doc. 10).  Accordingly,
any challenge on that basis is waived.  *See* Fed. R. Civ. P. 12(b)(1) and (h)(1); *United
States v. Marc*, No. 6:18-cv-2147-ORL-37EJK, 2020 WL 6064793, at *5 (M.D. Fla.
Sept. 1, 2020), *report and recommendation adopted*, No. 6:18-cv-2147-ORL-37EJK,
2020 WL 5542819 (M.D. Fla. Sept. 16, 2020).  Because the Undersigned
recommends striking the Answer, however, the Undersigned independently
examines the issue of personal jurisdiction below and finds that personal jurisdiction
exists.

First, as to Defendant Alexander Gomez, an individual, the Undersigned
considers Fed. R. Civ. P. 4(k)(1)(A).  Rule 4(k)(1)(A) provides that "serving a
summons or filing a waiver of service establishes personal jurisdiction over a

defendant who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1)(A).

Plaintiffs served Defendant Alexander Gomez on October 15, 2019, (*see* Doc. 38-6), satisfying the first requirement of Rule 4(k)(1)(A). As to the second requirement of Rule 4(k)(1)(A), Plaintiffs allege that Defendant Gomez is a "resident" of Florida. (*See* Doc. 1 at ¶ 11). This allegation, however, cannot establish personal jurisdiction because residency does not equate to domicile. *See Thompson v. Made To Move, Inc.*, No. 6:20-cv-1993-Orl-RBD-EJK, 2021 WL 5142503, at *2 (M.D. Fla. Oct. 7, 2021), *report and recommendation adopted,* No. 6:20-CV-1993-Orl-RBD-EJK, 2021 WL 5141376 (M.D. Fla. Nov. 4, 2021); *see also Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)) (observing that "the paradigm forum for the exercise of general jurisdiction is the individual's domicile"). A party's "domicile requires both residence in a state and 'an intention to remain there indefinitely.'" *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) (quoting *McCormick v. Aderholt*, 293 F.3d 1254, 1257–58) (11th Cir. 2002)). Because Plaintiffs provided no information as to Defendant Alexander Gomez's *domicile*, as opposed to his *residency*, the Undersigned cannot ascertain whether the Court has personal jurisdiction over Defendant Alexander Gomez based on his domicile. *See Thompson*, 2021 WL 5142503, at *2, *report and recommendation adopted,* 2021 WL 5141376. The Court need not resolve this discrepancy, however, because the Undersigned finds that the

Court has jurisdiction over Defendant Gomez under Florida's long-arm statute.  *See id.*

To determine whether the Court may exercise personal jurisdiction over a non-resident defendant, the Court must first consider the state's long-arm statute. *PVC Windoors, Inc. v. Babbitbay Const., N.V.*, 598 F.3d 802, 807 (11th Cir. 2010).  If the statute provides jurisdiction, the Court then determines whether the defendant has sufficient minimum contacts with the forum state such that "the district court's exercise of jurisdiction over that defendant would [not] 'offend traditional notions of fair play and substantial justice.'"  *Id.* (quoting *Internet Solutions Corp. v. Marshall,* 557 F.3d 1293, 1295 (11th Cir. 2009)).

Florida's long-arm statute, Fla. Stat. § 48.193, provides two ways in which a defendant may be subject to personal jurisdiction in Florida:  specific and general jurisdiction.  *Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1312 (11th Cir. 2018).  Pertinent to this analysis, Fla. Stat. § 48.193(1)(a) confers specific jurisdiction over a defendant for suits arising out of specific enumerated acts.  *Pinnacle Ins. & Fin. Servs., LLC v. Sehnoutka*, No. 3:16-cv-546-J-34JBT, 2017 WL 3193641, at *2 (M.D. Fla. July 27, 2017) (citing Fla. Stat. § 48.193(1)(a)).  One such act is "[o]perating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state."  Fla. Stat. § 48.193(1)(a)(1).

Here, Plaintiffs allege that Defendant Alexander Gomez manages the day-to-day operations of Cape Coral Roofing and Sheet Metal, Inc., including acting as its CEO, hiring and firing its employees, determining its employees' work schedules,

and controlling its finances and operations.  (Doc. 1 at ¶¶ 13-16).  These acts would subject Defendant Gomez to personal jurisdiction under Fla. Stat. § 48.193(1)(a)(1).

Moreover, the Undersigned finds that an exercise of jurisdiction would not violate the Due Process Clause because the claims arise out of Defendant Gomez's contacts with Florida—*i.e.*, the management and payment of Cape Coral Roofing and Sheet Metal, Inc. employees.  (*See* Doc. 1 at ¶¶ 13-16, 40, 49); *see also Thompson*, 2021 WL 5142503, at *2, *report and recommendation adopted*, 2021 WL 5141376 (citing *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013)) (reaching the same finding under similar facts).

Additionally, Plaintiffs state that Defendant Alexander Gomez is neither a minor nor an incompetent person.  (Doc. 42 at 3; Doc. 42-1 at ¶¶ 7-9; Doc. 42-2 at ¶¶ 7-9).

Plaintiffs' counsel also complied with the SCRA and represents that Plaintiff is not in the Military Service of the United States of America.  (*See* Doc. 42 at 3). Plaintiffs' affidavits represent the same.  (*See* Doc. 42-1 at ¶¶ 11-12; Doc. 42-2 at ¶¶ 11-12).

Thus, the Undersigned finds that the Court has personal jurisdiction over Defendant Gomez and may enter a default judgment against him.

As to Defendant Cape Coral Roofing and Sheet Metal, Inc., the Undersigned likewise finds that the Court has personal jurisdiction over this Defendant. Specifically, Plaintiffs served Defendant Cape Coral Roofing and Sheet Metal, Inc. on October 8, 2019.  (Doc. 38-5).  Additionally, Plaintiffs allege that Defendant Cape

Coral Roofing and Sheet Metal, Inc., is a Florida corporation with its principal place of business in Lee Count, Florida. (Doc. 1 at ¶ 10); *see also Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 924 (2011) (noting that the "paradigm forum" for personal jurisdiction over a corporation is its place of incorporation or its principal place of business). Thus, the Undersigned finds that the Court has personal jurisdiction over Defendant Cape Coral Roofing and Sheet Metal, Inc.

### 3.    Venue

Finally, venue is appropriate in the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). Here, the events giving rise to the claims alleged in the Complaint occurred in Lee County, Florida. (*See* Doc. 1 at ¶ 8). Thus, the Undersigned finds that venue is proper in the Middle District of Florida, Fort Myers Division. *See id.*

### B.    Claims for Relief

Turning to the claims in the Complaint, Plaintiffs assert two counts against Defendants: (1) Violation of 29 U.S.C. § 207, the FLSA's overtime provision, (Doc. 1 at 6-7), and (2) Violation of 29 U.S.C. § 206, the FLSA's minimum wage provision, (*id.* at 7).

To allege a *prima facia* claim for FLSA overtime or minimum wage violations, Plaintiffs must first show that: (1) Plaintiffs were employees of Defendants and (2) Defendants were an enterprise engaged in commerce or in the production of goods

for commerce.  *See* 29 U.S.C. § 206(a); 29 U.S.C. § 207(a)(1).  Then, Plaintiffs must show that Defendants failed to pay Plaintiffs in accordance with the law.  *See id.*  The Undersigned considers each in turn below.  Because the analyses are the same for both claims, the Undersigned's consideration of each prong applies to both Counts 1 and 2 of the Complaint.

### 1.   Whether Plaintiffs Were Employees of Defendants.

An "employee" is "any individual employed by an employer."  29 U.S.C. § 203(e)(1); *see also Sanchez v. Grundy Pizza, Inc.*, No. 6:16-cv-596-Orl-31GJK, 2017 WL 693348, at *3 (M.D. Fla. Feb. 2, 2017), *report and recommendation adopted*, No. 6:16-cv-596-Orl-31GJK, 2017 WL 680066 (M.D. Fla. Feb. 21, 2017).  An "employer" is "any person acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. § 203(d).  Moreover, a covered employee "may file suit directly against an employer that fails to pay him the statutory wage, or may make a derivative claim against any person who (1) acts on behalf of that employer and (2) asserts control over conditions of the employee's employment."  *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011); *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986).

Here, Plaintiffs allege that "Defendants operate a company that provides roof installation and roof replacement."  (Doc. 1 at ¶ 24).  Plaintiff Murillo alleges that she worked for Defendants as a roofer from approximately June 2018 through November 2018.  (*Id.* at ¶ 25).  Likewise, Plaintiff Mendoza alleges that he worked for Defendants as a roofer from approximately February 2010 through December

2018.  (*Id.* at ¶ 26).  Based on these allegations, the Undersigned finds Plaintiffs have pled sufficient facts demonstrating that they were employees at Defendants' roofing company.  *See* 29 U.S.C. § 203(e)(1); *Josendis*, 662 F.3d at 1298.

Additionally, Plaintiffs allege that Defendant Cape Coral Roofing and Sheet Metal, Inc. is the relevant business entity and that Plaintiffs were "'employees' of Defendants within the meaning of the FLSA."  (*See* Doc. 1 at ¶¶ 10, 17).  This is sufficient to establish that Defendant Cape Coral Roofing and Sheet Metal, Inc. was Plaintiffs' employer.  *See* 29 U.S.C. § 203(d); *Josendis*, 662 F.3d at 1298.

Further, Plaintiffs allege that Defendant Alexander Gomez was the CEO of Cape Coral Roofing and Sheet Metal, Inc. and that he owned and operated Cape Coral Roofing and Sheet Metal, Inc.  (Doc. 1 at ¶ 13).  Plaintiffs also allege that Defendant Gomez regularly hired and fired employees, determined the employees' work schedules, and controlled the finances and operations of Cape Coral Roofing and Sheet Metal, Inc.  (*Id.* at ¶¶ 14-16).  The Undersigned finds that these allegations are sufficient to establish that Defendant Gomez (1) acted on behalf of the employer and (2) asserted control over conditions of Plaintiffs' employment such that he is also considered an employer of Plaintiffs.  *See Josendis*, 662 F.3d at 1298; 29 U.S.C. § 203(d).

Additionally, Plaintiffs have adequately alleged that they worked as employees for Defendants.  (Doc. 1 at ¶¶ 10, 13-17, 24-26).  Stated differently, Plaintiffs have adequately alleged that Defendants Cape Coral Roofing and Sheet Metal, Inc. and Alexander Gomez were their employers.  *See Josendis*, 662 F.3d at 1298; 29 U.S.C. §

203(d).  Furthermore, due to Defendants' default, these allegations are accepted as true.  *See Cohan*, 309 F.R.D. at 666.

Moreover, the Eleventh Circuit has stated that "[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages."  *Patel v. Wargo*, 803 F.2d 633, 637-38 (11th Cir. 1986) (internal quotation marks omitted).  Thus, both Defendants Cape Coral Roofing and Sheet Metal, Inc. and Alexander Gomez are jointly and severally liable for any damages under the FLSA because both Defendants were Plaintiffs' employers.  *See id.*

### 2.   Whether Defendants Were an Enterprise Engaged in Commerce or in the Production of Goods for Commerce.

The statute defines an "enterprise engaged in commerce or in the production of goods for commerce" as one that "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and "whose annual gross volume of sales made or business done is not less than $500,000."  29 U.S.C. § 203(s)(1)(A).

Here, Plaintiffs specifically allege that Defendants have two or more employees "handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce including, *inter alia*, computers, telephones, trucks, other office equipment, and tools, which were used directly in

furtherance of Defendants' commercial activity of operating a roofing and sheet metal company." (Doc. 1 at ¶ 21). Additionally, Plaintiffs allege that Defendants' gross annual revenue exceeds $500,000.00. (*Id.* at ¶ 20). These allegations are accepted as true by virtue of Defendants' default. *See Cohan*, 309 F.R.D. at 666. Based on these allegations, the Undersigned finds that Plaintiffs have sufficiently alleged that Defendants were an enterprise engaged in commerce or in the production of goods for commerce. *See* 29 U.S.C. §§ 206(a); 207(a).

### 3.   Whether Defendants Failed to Pay Plaintiffs in Accordance with the Law.

Because Plaintiffs have shown both that an employment relationship existed and that Defendants are engaged in commerce or in the production of goods for commerce, the remaining elements of a FLSA violation are "quite straightforward." *See Sec'y of Lab. v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008).[2] Plaintiffs must simply allege Defendants' "failure to pay overtime compensation and/or minimum wages to covered employees." *Id.* More particularly, to be entitled to a default judgment on both counts, Plaintiffs "must allege sufficient facts . . . to establish that [they] worked more than forty hours in at least one workweek, that [Defendants] failed to compensate [Plaintiffs] using the proper time-and-a-half rate for those overtime hours, and that [Defendants] also did not pay [Plaintiffs] the requisite

---

[2] Although *Secretary of Labor v. Labbe* preceded the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), this Court has found it nonetheless persuasive on this issue. *See Shropshire*, 2021 WL 2904907, at *4, *report and recommendation adopted,* 2021 WL 2895741.

minimum wage." *Shropshire*, 2021 WL 2904907, at *4, *report and recommendation adopted,* 2021 WL 2895741 (collecting cases).

Here, Plaintiffs have met their burden. More particularly, Plaintiffs allege in Count 1 that they worked in excess of forty hours per week and that they were "not properly compensated at the statutory rate of one and one-half times their regular rate of pay for the hours they worked in excess of forty (40) hours each workweek." (Doc. 1 at ¶¶ 39-40). Likewise, Plaintiffs allege in Count 2 that "Defendants failed to pay Plaintiffs minimum wage in one or more work weeks" and that Defendants were aware that they were paying Plaintiffs less than minimum wage but still failed to do so. (*Id.* at ¶¶ 49-50). The allegations are accepted as true by virtue of Defendants' default. *See Cohan*, 309 F.R.D. at 666. Based on these allegations, the Undersigned finds that Plaintiffs have sufficiently alleged that Defendants failed to pay them the amounts required by the FLSA. *See* 29 U.S.C. §§ 206(a); 207(a).

In sum, the Undersigned finds that Plaintiffs have established that Defendants violated (1) the FLSA's overtime provision and (2) the FLSA's minimum wage provision. *See* 29 U.S.C. §§ 206(a); 207(a). Accordingly, the Undersigned finds that Plaintiffs have established Defendants' liability under both Counts of the Complaint.

## C.    Amount of Damages

Because the Undersigned finds that Plaintiffs have established liability under both FLSA claims, the Undersigned turns to the damages issue. *See Cohan*, 309 F.R.D. at 667.

Here, the Undersigned finds that an evidentiary hearing is unnecessary because "the amounts [Plaintiffs] seek[] are for a sum certain, are subject to easy calculation, and are supported by sufficient evidence in the record." *See Shropshire*, 2021 WL 2904907, at *4, *report and recommendation adopted,* 2021 WL 2895741.

Likewise, although Rule 55(b)(2) requires that the Court "preserv[e] any federal statutory right to a jury trial," the Undersigned finds that a jury trial is not warranted here.  First, although Plaintiffs demanded a jury trial in their Complaint, (*see* Doc. 1 at 8), they later affirmatively waived their right to a jury trial, (*see* Doc. 42 at 2).  Similarly, although Defendants also demanded a trial by jury, (*see* Doc. 10 at 6), the Undersigned recommends herein that the presiding United States District Judge strike Defendants' Answer, *see* Part III *supra*.

Even if the presiding District Judge does not strike Defendants' Answer, however, a jury trial would not be warranted.  While Rule 55(b)(2) requires that the Court "preserv[e] any federal statutory right to a jury trial," a closer read of the statute suggests that the Court need only preserve a federal statutory right to a jury trial when the Court finds that a hearing is necessary.  *See* Fed. R. Civ. P. 55(b)(2) ("The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to" conduct an accounting, determine damages, establish the truth of an allegation, or investigate a matter.).  Because the Undersigned finds that a hearing is not necessary, the Undersigned likewise finds that Defendants are not entitled to a jury trial on damages.

Finally, even if the presiding District Judge disagrees with the Undersigned's interpretation of Fed. R. Civ. P. 55(b)(2), this Court has construed the provision requiring the Court to "preserv[e] any federal statutory right to a jury trial" as applying only when the underlying federal statute specifies a right to a jury trial following entry of default. *See, e.g.*, *Coton v. Televised Visual X-Ography, Inc.*, No. 8:07-cv-1332-T-TGW, 2010 WL 813345, at *2 (M.D. Fla. Mar. 9, 2010) (collecting cases). Because the FLSA does not require a jury trial following the entry of default, the Undersigned finds that Defendants are not entitled to a jury trial on damages.

Having determined that neither a hearing nor a jury trial is necessary on the issue of damages, the Undersigned considers each Plaintiff's damages below.

### 1.     Plaintiff Murillo's Damages

As an initial matter, Plaintiff Murillo did not calculate her damages in the Complaint, instead generally demanding "[o]vertime compensation for all hours worked over forty in a work week at the applicable time and one-half rate" and "[a]ll unpaid minimum wages at the Florida mandated minimum wage rate." (Doc. 1 at 8 ¶¶ b, c). In the documentation attached to the motion *sub judice*, Plaintiff Murillo represents that she is entitled to $4,199.25 in unpaid minimum wages. (*See* Doc. 38-2 at 2). Likewise, Plaintiff Murillo asserts that she is entitled to $931.77 in unpaid overtime wages. (*See id.*). Thus, Plaintiff Murillo asserts in the instant motion that she is entitled to $5,131.02 in unpaid wages ($40,199.25 in unpaid minimum wages + $931.77 in unpaid overtime wages = $5,131.02). (*Id.*; *see also* Doc. 38 at 4; Doc. 38-1 at ¶ 14).

Additionally, in the Complaint, Plaintiffs allege that Defendants' failure to properly compensate Plaintiffs was willful. (Doc. 1 at ¶ 37.e; *see also* Doc. 1 at ¶¶ 45, 51). Accordingly, Plaintiff asserts that she is also entitled to in liquidated damages in the amount equal to her wage damages. (Doc. 1 at 8 ¶ d; *see also* Doc. 38 at 4; Doc. 38-1 at ¶ 14).

The Undersigned finds that despite not demanding a sum certain in the Complaint, Plaintiff Murillo is entitled to recover the requested damages. Specifically, the amounts requested constitute her unpaid wages and liquidated damages, both of which were demanded in the Complaint. *See Ames v. STAT Fire Suppression, Inc.*, 227 F.R.D. 361, 362 (E.D.N.Y. 2005) ("Although Rule 54(c) limits the damages recoverable by a plaintiff following a default judgment to the type and quantity of damages demanded in the complaint, it does not require plaintiff to have demanded a sum certain in order to recover on default."). Nevertheless, as noted above, "[i]f unspecified monetary damages are sought, the party moving for default judgment has the burden to prove the unliquidated sums in a hearing on damages or otherwise." *Cohan*, 309 F.R.D. at 667 (citing Fed. R. Civ. P. 55(b)(1)-(2)). Here, Plaintiff Murillo provides an affidavit and a ledger supporting the hours she worked for which she was not properly compensated. (*See* Docs. 38-1; 38-2). Such documentation is sufficient in cases such as this where Plaintiffs allege that Defendants failed to keep proper records. (*See, e.g.*, Doc. 1 at ¶¶ 36, 42); *see also Medrano v. The Inv. Emporium LLC*, 672 F. App'x 944, 947 (11th Cir. 2016) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-688 (1946) (noting that "where

an employer has failed to keep proper and accurate records and an employee cannot offer convincing substitutes" the employee meets his burden by showing "that he has in fact performed work . . . and if he produces sufficient evidence to show the amount and extent of that work").

Upon review, it appears that Plaintiff Murillo calculated her unpaid minimum wage damages using Florida's minimum wage for the relevant time period.  (*See* Doc. 38-2 at 2).[3]  Plaintiff Murillo did not expressly address her decision to do so or provide any legal support in support thereof.  (*See* Doc. 38).  At present, a question remains whether the FLSA requires employers to pay their employees the greater of either the federal or state minimum wage for every hour worked.  *Compare Adams v. Fritz Martin Cabinetry, LLC*, No. 2:18-cv-83-FtM-99MRM, 2018 WL 4215892, at *2 (M.D. Fla. Sept. 5, 2018) (citing 29 U.S.C. §§ 206, 218(a) and noting that the "FLSA requires employers to pay their employees at least the federal or state minimum wage, whichever is greater, for every hour worked"), *with Cloer v. Green Mountain Specialties Corp.*, No. 6:18-cv-999-Orl-40LRH, 2019 WL 13063434, at *7 (M.D. Fla. Oct. 2, 2019), *report and recommendation adopted*, No. 6:18-cv-999-Orl-40LRH, 2019 WL 13063428 (M.D. Fla. Oct. 17, 2019) (applying the federal minimum wage

---

[3]  In 2018, Florida's minimum wage was $8.25.  *See Pollock v. Move4All, Inc.*, No. 6:19-cv-130-Orl-31DCI, 2019 WL 6134566, at *7 (M.D. Fla. Oct. 22, 2019), *report and recommendation adopted,* No. 6:19-cv-130-Orl-31DCI, 2019 WL 6133738 (M.D. Fla. Nov. 19, 2019).

because the operative Complaint did not assert any claim under the Florida Minimum Wage Act).

Here, while Plaintiff Murillo did not assert any claims under Florida's Minimum Wage Act, (*see* Doc. 1), Plaintiff Murillo requested that the unpaid minimum wage damages be compensated at the Florida minimum wage rate, (*see id.* at 8). Given the lack of binding authority on the issue, coupled with the request in the Complaint that the Court use the Florida minimum wage rate, the Undersigned recommends that the presiding United States District Judge adopt Plaintiff Murillo's use of Florida's minimum wage.

Upon review of Plaintiff Murillo's calculations, however, the Undersigned finds that there are several mathematical errors. For example, while Plaintiff Murillo asserts that she is owed $4,199.25 based on the hours worked for which she received no compensation, the numbers provided in Plaintiff Murillo's ledger equate to $4,199.34 in unpaid minimum wages. (*See* Doc. 38-2 at 2). Likewise, while Plaintiff asserts that she is entitled to $931.77 in unpaid overtime wages, the numbers provided show that Plaintiff Murillo is owed $931.74 in unpaid overtime wages. (*See id.*). Thus, based on the numbers provided in the ledger, the total amount that Plaintiff is owed in unpaid wages is $5,131.08 ($4,199.34 in unpaid minimum wages + $931.74 in unpaid overtime wages = $5,131.08), as opposed to $5,131.02. (*See id.*). Nevertheless, the affidavit specifically asserts that Plaintiff is entitled to, and the motion requests, $5,131.02 in unpaid wages and liquidated damages in an equal amount thereto. (*See* Doc. 38-1 at ¶¶ 14, 15; Doc. 38 at 4). This motion and its

accompanying documentation were served on Defendants.  In light of the amount requested and to protect the due process rights of Defendants, the Undersigned finds it prudent to award only the amount requested in the motion.  In other words, the Undersigned finds that because Defendants were noticed of Plaintiff Murillo's intent to recover $5,131.02 in unpaid wages and liquidated damages in an equal amount, Plaintiff Murillo's recovery should be limited to this amount.

Ultimately, because the documentation provided by Plaintiff Murillo shows that she is entitled to more than $5,131.02 in unpaid wages, (*see* Docs. 38-1; 38-2), the Undersigned finds that Plaintiff Murillo has met her burden to show that she is entitled to $5,131.02 in unpaid wages, *see Medrano*, 672 F. App'x at 947 (quoting *Anderson*, 328 U.S. at 687-688.

Likewise, the Undersigned finds that Plaintiff is entitled to liquidated damages in the amount equal to her unpaid wages award.  Here, the Complaint alleges that Defendants' failure to properly compensate Plaintiffs was willful.  (Doc. 1 at ¶ 37.e; *see also* Doc. 1 at ¶¶ 45, 51).  Under the FLSA, any employer found to have violated the minimum wage or overtime provisions of FLSA is liable for an additional equal amount as liquidated damages.  29 U.S.C. § 216(b).  To that end, "liquidated damages are mandatory unless the employer can show that it acted in good faith and had reasonable grounds to believe that its actions did not violate the FLSA minimum wage requirement." *Bennett v. JDC Ventures, LLC*, No. 2:16-cv-649-FtM-99CM, 2017 WL 894624, at *2 n.1 (M.D. Fla. Mar. 7, 2017) (citing *Joiner v. City of Macon*, 814 F.2d 1537 (11th Cir. 1987)).  Here, by nature of their default, Defendants have not

shown that they acted in good faith.  The Undersigned finds, therefore, that Plaintiff Murillo is entitled to liquidated damages on to both counts in an amount equal to her unpaid wages.

Accordingly, the Undersigned finds that Plaintiff has shown that she is entitled to $5,131.02 in unpaid wages and liquidated damages in an amount equal to her unpaid wages, for a total of $10,262.04.

### 2.    Plaintiff Mendoza's Damages

As an initial matter, Plaintiff Mendoza did not calculate his damages in the Complaint, instead demanding "[o]vertime compensation for all hours worked over forty in a work week at the applicable time and one-half rate" and "[a]ll unpaid minimum wages at the Florida mandated minimum wage rate."  (Doc. 1 at 8 ¶¶ b, c).  In the documentation attached to the motion, however, Plaintiff Mendoza alleges that he is entitled to $4,199.25 in unpaid minimum wages.  (Doc. 38-4 at 2). Likewise, Plaintiff Mendoza alleges that he is entitled to $1,180.24 in unpaid overtime wages.  (*Id.*).  Thus, Plaintiff Mendoza asserts that he is entitled to $5,379.49 in unpaid wages ($4,199.25 + $1,180.24 = $5,379.49).  (*Id.*; *see also* Doc. 38 at 4; Doc. 38-3 at ¶ 14).

Additionally, in the Complaint, Plaintiffs allege that Defendants' failure to properly compensate Plaintiffs was willful.  (Doc. 1 at ¶ 37.e; *see also* Doc. 1 at ¶¶ 45, 51).  Accordingly, Plaintiff Mendoza asserts that he is also entitled to in liquidated damages in the amount equal to her wage damages.  (Doc. 1 at 8 ¶ d).

The Undersigned finds that despite not demanding a sum certain in the Complaint, Plaintiff Mendoza is entitled to recover the requested damages. Specifically, the amounts requested constitute his unpaid wages and liquidated damages, both of which were demanded in the Complaint. *See Ames*, 227 F.R.D. at 362. Nevertheless, as noted above, "[i]f unspecified monetary damages are sought, the party moving for default judgment has the burden to prove the unliquidated sums in a hearing on damages or otherwise." *Cohan*, 309 F.R.D. at 667 (citing Fed. R. Civ. P. 55(b)(1)-(2)). Here, Plaintiff Mendoza provides an affidavit (Doc. 38-3) and a ledger (Doc. 38-4) supporting the hours he worked for which he was not properly compensated. Such documentation is sufficient in cases such as this where Plaintiffs allege that Defendants failed to keep proper records. (*See, e.g.*, Doc. 1 at ¶¶ 36, 42); *see also Medrano*, 672 F. App'x at 947 (quoting *Anderson*, 328 U.S. at 687-688) (noting that "where an employer has failed to keep proper and accurate records and an employee cannot offer convincing substitutes" the employee meets his burden by showing "that he has in fact performed work . . . and if he produces sufficient evidence to show the amount and extent of that work").

Upon review, it appears that Plaintiff Mendoza calculated his unpaid minimum wage damages using Florida's minimum wage for the relevant time period. (*See* Doc. 38-4 at 2).[4] Plaintiff Mendoza did not expressly address his

---

[4] In 2018, Florida's minimum wage was $8.25. *See Pollock v. Move4All, Inc.*, No. 6:19-cv-130-Orl-31DCI, 2019 WL 6134566, at *7 (M.D. Fla. Oct. 22, 2019), *report*

decision to do so or provide any legal support in support thereof.  (*See* Doc. 38).  As noted above, a question remains whether the FLSA requires employers to pay their employees the greater of either the federal or state minimum wage for every hour worked.  *Compare Adams*, 2018 WL 4215892, at *2, *with Cloer*, 2019 WL 13063434, at *7, *report and recommendation adopted*, 2019 WL 13063428.

Here, while Plaintiff Mendoza did not assert any claims under Florida's Minimum Wage Act, (*see* Doc. 1), Plaintiff Mendoza requested that the unpaid minimum wage damages be compensated at the Florida minimum wage rate, (*see id.* at 8).  Given the lack of binding authority on the issue, coupled with the request in the Complaint that the Court use the Florida minimum wage rate, the Undersigned recommends that the presiding United States District Judge adopt Plaintiff Mendoza's use of Florida's minimum wage.

Upon review of Plaintiff Mendoza's calculations, however, the Undersigned finds that there are several mathematical errors.  For example, while Plaintiff Mendoza asserts that he is owed $4,199.25 based on the hours worked for which he received no compensation, Plaintiff Mendoza is actually entitled to $4,199.34 in unpaid wages.  (*See* Doc. 38-4 at 2).  Likewise, while Plaintiff Mendoza asserts that he is entitled to $1,180.24 in unpaid overtime wages, the numbers provided show that Plaintiff Mendoza is owed $1,180.27 in overtime wages.  (*See id.*).  In total, it

---

*and recommendation adopted,* No. 6:19-cv-130-Orl-31DCI, 2019 WL 6133738 (M.D. Fla. Nov. 19, 2019).

appears that Plaintiff Mendoza is entitled to an award of $5,379.61 in unpaid wages, as opposed to $5,379.49. (*See id.*). Nevertheless, the affidavit specifically asserts that Plaintiff is entitled to, and the motion requests, $5,379.49 in unpaid wages and an equal amount thereto. (*See* Doc. 38-3 at ¶¶ 14, 15; Doc. 38 at 4). This motion and its accompanying documentation were served on Defendants. In light of the amount requested and to protect the due process rights of Defendants, the Undersigned finds it prudent to award only the amount requested in the motion. In other words, the Undersigned finds that because Defendants were noticed of Plaintiff Mendoza's intent to recover $5,379.49 in unpaid wages and an equal amount thereto, Plaintiff Mendoza's recovery should be limited to this amount.

Ultimately, because the documentation provided by Plaintiff Mendoza shows that he is entitled to more than $5,379.49 in unpaid wages, (*see* Docs. 38-3; 38-4), the Undersigned finds that Plaintiff Mendoza has met his burden to show that he is entitled to $5,379.49 in unpaid wages, *see Medrano*, 672 F. App'x at 947 (quoting *Anderson*, 328 U.S. at 687-688).

Likewise, the Undersigned finds that Plaintiff Mendoza is entitled to liquidated damages in the amount equal to his unpaid wages award. Here, the Complaint alleges that Defendants' failure to properly compensate Plaintiffs was willful. (Doc. 1 at ¶ 37.e; *see also* Doc. 1 at ¶¶ 45, 51). Under the FLSA, any employer found to have violated the minimum wage or overtime provisions of FLSA is liable for an additional equal amount as liquidated damages. 29 U.S.C. § 216(b). As noted above, "liquidated damages are mandatory unless the employer can show

that it acted in good faith and had reasonable grounds to believe that its actions did not violate the FLSA minimum wage requirement." *Bennett*, 2017 WL 894624, at *2 n.1 (citing *Joiner*, 814 F.2d at 1537). Here, by nature of their default, Defendants have not shown that they acted in good faith. The Undersigned finds, therefore, that Plaintiff Mendoza is entitled to liquidated damages on both counts in an amount equal to his unpaid wages.

Accordingly, the Undersigned finds that Plaintiff Mendoza has shown that he is entitled to $5,379.49 in unpaid wages and liquidated damages in an amount equal to her unpaid wages, for a total of $10,758.98.

In sum, the Undersigned finds that Plaintiff Murillo should be awarded $5,132.02 in unpaid wages and an equal amount thereto in liquidated damages, for a total of $10,262.04. Likewise, the Undersigned finds that Plaintiff Mendoza should be awarded $5,379.49 in unpaid wages and an equal amount thereto in liquidated damages, for a total of $10,758.98.

### D. Costs Award

Plaintiffs also seek a recovery of costs. (Doc. 38 at 7; *see also* Doc. 1 at 8). Under 29 U.S.C. § 216(b), in addition to any judgment awarded to Plaintiff, the Court must allow a reasonable attorney's fee to be paid by Defendants and also the costs of the action.

In their motion, Plaintiffs seek $565.00 in costs. (Doc. 38 at 7). More particularly, Plaintiffs seek $400.00 for the filing fee and $165.00 for service of process fees. (*Id.*; *see also* Doc. 38-8 at 2).

Regarding Plaintiffs' claim for costs in the form of the filing fee, the Undersigned finds that Plaintiffs have a right to recover $400.00 for the filing fee. *See Pelc v. Nowak*, No. 13-13548, 2015 WL 24830, at *2 (11th Cir. Jan. 2, 2015) (permitting the prevailing party to recover its filing fee as a taxable cost).

Regarding Plaintiffs' claim for costs in the form of the service fees, to tax costs for service of summons, the summons must have been "reasonable and necessary." *See Berlinger v. Wells Fargo*, No. 2:11-cv-459-FtM-29CM, 2016 WL 4920079, at *2 (M.D. Fla. Sept. 15, 2016). Fees of private process servers can be taxed as long as they do not exceed the statutorily authorized amount. *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). This is currently $65.00 per person per hour for each item served, plus travel costs and any other out-of-pocket expenses. *See* 28 C.F.R. § 0.114(a)(3). The attached costs ledger shows two entries associated with service of process, one in the amount of $55.00 and another in the amount of $110.00. (*See* Doc. 38-8 at 2). Plaintiffs also attach the returns of service to their motion. (*See* Docs. 38-5; 38-6).

Upon review, the Undersigned notes that neither date in the returns of service matches the date listed on the cost ledger. (*Compare* Docs. 38-5; 38-6, *with* Doc. 38-8 at 2). Nevertheless, the return of service as to Defendant Cape Coral Roofing and Sheet Metal, Inc. shows that the process server made several attempts over multiple days to serve Defendant Cape Coral Roofing and Sheet Metal, Inc. before successfully serving this Defendant. (*See* Doc. 38-5). Given the number of failed service attempts, the Undersigned finds that the requested $165.00 in costs of service

would be appropriate.  (*See id.*).  This finding is bolstered by the fact that each

Defendant was independently served with the Complaint and summons.  (*See* Docs.

38-5; 38-6).  Assuming each Defendant was served on the first attempt in less than an

hour, Plaintiffs would be entitled to recover up to $130.00 in costs ($65.00 per person

served x 2 persons = $130.00).  *See Matiano v. 5th Ave. Tree Experts, Inc.*, No. 20-

23972-CV, 2021 WL 414389, at *6 (S.D. Fla. Jan. 15, 2021), *report and

recommendation adopted*, No. 20-CV-23972-UU, 2021 WL 412350 (S.D. Fla. Feb. 5,

2021) (finding that the plaintiff should recover $130.00 for service of process upon

two defendants).  Accordingly, given that it took multiple attempts to serve

Defendant Cape Coral Roofing and Sheet Metal, Inc. coupled with the fact that

Plaintiffs served two Defendants, the Undersigned finds that an award of $165.00 for

the cost of service is appropriate.

### E.    Any Other Damages

As a final matter, the Undersigned notes that Plaintiffs' Complaint seeks pre-

and post-judgment interest as well as an award of attorney's fees.  (*See* Doc. 1 at 8 ¶¶

e, f).  The motion *sub judice*, however, does not request the same.  (*See* Doc. 38).

Thus, the Undersigned recommends that the presiding United States District Judge

refrain from awarding either pre-and post-judgment interest or attorney's fees at this

time.

Alternatively, if the presiding District Judge is inclined to award interest, as

plead in the Complaint, the Undersigned finds that pre-judgment interest is

inappropriate.  Indeed, "a plaintiff may not recover both liquidated damages and pre-

judgment interest under the FLSA." *Edenfield v. Crib 4 Life, Inc.*, No. 6:13-cv-319-Orl-36, 2014 WL 1345389, at *4 (M.D. Fla. Apr. 4, 2014) (citing *Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987)).  Because the Undersigned finds that Plaintiffs are entitled to liquidated damages, the Undersigned finds that Plaintiffs are not entitled to pre-judgment interest.  *See id.*

The Undersigned finds, however, that post-judgment interest, calculated at the statutory rate set forth in 28 U.S.C. § 1961, would be appropriate.  *See Parker v. Green Mountain Specialties Corp.*, No. 6:19-cv-1571-Orl-37GJK, 2020 WL 1957573, at *5 (M.D. Fla. Apr. 7, 2020), *report and recommendation adopted*, No. 6:19-cv-1571-Orl-37GJK, 2020 WL 1955340 (M.D. Fla. Apr. 23, 2020).

If the presiding United States District Judge finds that attorney's fees are appropriate despite Plaintiffs' failure to request the fees in their motion, the Undersigned recommends that the presiding District Judge refrain from awarding attorney's fees at this time.  Rather, the Undersigned recommends that the presiding District Judge take the request under advisement and retain jurisdiction over the action to address any subsequent motion for attorney's fees, in accordance with M.D. Fla. R. 7.01.  *See Shropshire v. Towing & Auto Repair Mgmt. Corp.*, No. 8:20-CV-1931-TPB-CPT, 2021 WL 2904907, at *5 (M.D. Fla. Apr. 23, 2021), *report and recommendation adopted,* No. 8:20-CV-1931-TPB-CPT, 2021 WL 2895741 (M.D. Fla. July 9, 2021).

## CONCLUSION

Accordingly, the Undersigned **RESPECTFULLY RECOMMENDS** that:

1.   Defendants' Answer and Affirmative Defenses to Plaintiff's Complaint and Demand for Jury Trial (Doc. 10) be **STRICKEN**.

2.   The Clerk of Court be directed to strike Defendants' Answer and Affirmative Defenses to Plaintiff's Complaint and Demand for Jury Trial (Doc. 10) and indicate on the docket that it is stricken pursuant to the presiding United States District Judge's Order.

3.   Plaintiffs, Shannon Murillo and Juan Mendoza's Motion for Default Judgment and Incorporated Memorandum of Law in Support (Doc. 38) be **GRANTED IN PART** and **DENIED IN PART** as set forth below:

   a.   Default judgment be entered against Defendants in favor of Plaintiff Murillo as to both Counts 1 and 2 for a total amount of $5,131.02 in unpaid wages and $5,131.02 in liquidated damages;

   b.   Default judgment be entered against Defendants in favor of Plaintiff Mendoza as to both Counts 1 and 2 for a total amount of $5,379.49 in unpaid wages and $5,379.49 in liquidated damages;

   c.   Plaintiffs be awarded $565.00 in costs; and

   d.   Plaintiffs' motion be denied to the extent that it seeks any greater or different relief.

**Further, the Clerk of Court is directed to mail a copy of this Report and Recommendation to Defendants at both addresses listed in the Florida Department of State, Division of Corporations' records: 4409 SE 16th Place, Unit 10, Cape Coral, FL 33904; and 4409 SE 16th Place, Unit 8, Cape Coral, FL 33904.**

**RESPECTFULLY RECOMMENDED** in Chambers in Fort Myers, Florida on December 16, 2021.

_____

Mac R. McCoy
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from the date the party is served a copy of this Report and Recommendation to file written objections to the Report and Recommendation's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.  A party wishing to respond to an objection may do so in writing fourteen days from the date the party is served a copy of the objection.  The parties are warned that the Court will not extend

these deadlines.  To expedite resolution, the parties may also file a joint notice

waiving the fourteen-day objection period.


Copies furnished to:

Counsel of Record
Unrepresented Parties