UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHANON MURILLO and JUAN MENDOZA,

    Plaintiffs,

v.      Case No.: 2:19-cv-674-SPC-MRM

CAPE CORAL ROOFING AND
SHEET METAL, INC., and
ALEXANDER GOMEZ,

    Defendants.
_____/

## OPINION AND ORDER[1]

Before the Court is United States Magistrate Judge Mac R. McCoy's Report and Recommendation (Doc. 43) on Plaintiffs' Motion for Default Judgment (Doc. 38). Judge McCoy recommends granting the Motion in part. Neither party objects to the Report and Recommendation, and the time to do so has expired.

After conducting a careful and complete review of the findings and recommendations, a district judge "may accept, reject, or modify, in whole or in part," the magistrate judge's R&R. 28 U.S.C. § 636(b)(1)(C). In the absence

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

of specific objections, there is no requirement that a district judge review the R&R *de novo*. See *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993). Instead, when parties don't object, a district court need only correct plain error as demanded by the interests of justice. *See, e.g.*, *Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985). Plain error exists if (1) "an error occurred"; (2) "the error was plain"; (3) "it affected substantial rights"; and (4) "not correcting the error would seriously affect the fairness of the judicial proceedings." *Farley v. Nationwide Mut. Ins.*, 197 F.3d 1322, 1329 (11th Cir. 1999).

After examining the file independently and upon considering Judge McCoy's findings and recommendations, the Court accepts in part and adopts in part the R&R and modifies the R&R to the extent that post-judgment interest is awarded even though Plaintiffs' Motion does not request it. (Doc. 43 at 32). Under the United States Code, post-judgment interest is statutorily mandated for money judgments. See 28 U.S.C. § 1961 ("Interest shall be allowed on any money judgment in a civil case recovered in a district court."); *see also* *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1053 (11th Cir. 1994) (Post-judgment interest is mandatory and the right to it is not waived by the failure to request it.).

Accordingly, it is now

**ORDERED:**

1. The Report and Recommendation (Doc. 43) is **ACCEPTED in part and ADOPTED in part and modified** as set forth in this Opinion and Order.

2. Defendants' Answer and Affirmative Defenses to Plaintiffs' Complaint and Demand for Jury Trial (Doc. 10) is **STRICKEN**. The Clerk is directed to strike Defendants' Answer and Affirmative Defenses to Plaintiffs' Complaint and Demand for Jury Trial (Doc. 10) and indicate on the docket that it is stricken pursuant to this Order.

3. Plaintiffs' Motion for Default Judgment (Doc. 38) is **GRANTED IN PART AND DENIED IN PART**.

    a. Default judgment is entered against Defendants in favor of Plaintiff Murillo as to both Counts 1 and 2 for a total amount of $5,131.02 in unpaid wages and $5,131.02 in liquidated damages.

    b. Default judgment is entered against Defendants in favor of Plaintiff Mendoza as to both Counts 1 and 2 for a total amount of $5,379.49 in unpaid wages and $5,379.49 in liquidated damages.

    c. Plaintiffs are awarded $565.00 in costs.

4. The Clerk is **directed** to enter judgment accordingly as set forth in paragraph 3, terminate all pending motions and deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on January 10, 2022.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record